IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. CROIX

| | |
|---|---|
| JOSEPH NOEL         )<br>            Plaintiff,    )<br>      v.                      )<br>                                )<br>NORMANE E. VAUX, II,  )<br>            Defendant.   )<br>_____) | CIV. NO.: 1:06-cv-0144 |

### ORDER DISMISSING CASE FOR LACK OF DIVERSITY JURISDICTION

Finch, Senior Judge

   THIS MATTER comes before the Court on its own motion pursuant to Federal Rule of Civil Procedure 12(h)(3). Plaintiff Joseph Noel ("Plaintiff") filed a complaint against Defendant Normane Vaux ("Defendant") alleging that Defendant is his father and is required, under Virgin Islands law, to support him while he attends college. Plaintiff seeks approximately $100,000 in an "award of support" as well as a paternity test to prove that Defendant is his father.

   The Court *sua sponte* ordered the parties to address whether the "domestic relations" exception to federal jurisdiction applies to this matter. After reviewing the submissions of the parties and conducting additional research, the Court concludes that the domestic relations exception applies and divests this Court of diversity jurisdiction over Plaintiff's complaint.

   The "domestic relations" exception "divests the federal courts of power to issue divorce, alimony, and child custody decrees." *Ankenbrandt v. Richards,* 504 U.S. 689, 703 (1992).[1] The

---

[1] Because of the unique historical circumstances under which the doctrine arose, the domestic relations exception divests a court of *diversity jurisdiction.* *See Elk Grove Unified School Dist.*

"aim of the exception is to keep federal courts from meddling in a realm that is peculiarly delicate that is governed by state law and institutions (e.g. family courts), and in which inter-court conflicts in policy or decrees should be kept to an absolute minimum." *Dunn v. Cometa,* 238 F.3d 38, 41 (1st Cir. 2001).

Plaintiff argues that the exception is narrow and does not encompass a claim for paternity testing or an award of child support. However, the overwhelming weight of authority holds that claims for paternity testing and child support are barred by the exception. *See, e,g, Lannan v. Maul,* 979 F.2d 627, 631-32 (8th Cir. 1992) (noting that "child support obligations [are] clearly within the domestic relations exception domain"); *Ingram v. Hayes*, 866 F.2d 368, 369 (11th Cir. 1988) ("The federal judiciary has traditionally abstained from deciding cases concerning domestic relations. As a result, federal courts generally dismiss cases involving divorce and alimony, child custody, visitation rights, establishment of paternity, child support, and enforcement of separation or divorce decrees still subject to state court modification.") (citations omitted); *Steel v. United States*, 813 F.2d 1545, 1552 (9th Cir. 1987) (same); *Delaney v. District of Columbia*, 659 F.Supp.2d 185, 193 (D.D.C. 2009) ("The domestic relations exception divests federal courts of the power to issue divorce, alimony, and child custody decrees, . . . or to determine child support obligations.") (citations omitted); *Benjamin v. Martinez*, 2009 WL 1684641, at *1 (M.D. Pa. 2009) ("A petition to establish paternity must be filed in state court." (citing *Ankenbrandt,* 504 U.S. at 703)); *Griessel v. Mobley*, 554 F.Supp.2d 597, 601 (M.D.N.C. 2008) ("By inference, the Supreme Court also brought within the domestic relations exception the related matter of child support by speaking approvingly of lower court decisions which so

---

*v. Newdow*, 542 U.S. 1, 20 (2004) (Rehnquist, J., concurring) (noting that the exception "is a limiting construction of the statute defining federal diversity jurisdiction.").

hold." (citing *Ankenbrandt*, 504 U.S. at 704 n. 6)); *Johnson v. Wells Fargo Bank, N.A.*, 2006 WL 680983, at *2 (D.N.J. 2006) ("This Court lacks jurisdiction over a domestic relations matter involving child support and child custody.").

Citing *Westover ex rel. Gray v. Durant*, 75 F. Supp. 2d 31 (1999), Plaintiff argues that a paternity claim is not within the scope of the domestic relations exception. *Westover* involved a rather complicated set of facts, the upshot of which is that the plaintiff's fraud and interference with prospective economic advantage tort claims depended on her proving that her child was the son of a deceased soldier so that she could obtain his life insurance proceeds that had been collected by the dead soldier's parents. *Id*. at 32. The defendants argued that the domestic relations exception barred the claims in federal court since a paternity test was required. The court dismissed the argument stating that "[p]aternity has never been included within the scope of the domestic relations exception, perhaps because the exception relates to legal issues arising within the context of marriage while paternity does not necessarily." *Id*. at 34. From this, Plaintiff concludes that this paternity matter is outside the exception.

Here, Plaintiff's claim – that under Virgin Island law "the defendant has a duty to support the plaintiff while he attends college" (Complaint ¶ 5, Doc. 1) – is essentially a claim for child support. *See* 16 V.I.C. § 341(g) (defining "support" as "any amount that the court or a hearing officer may require a person to pay under a temporary order or a final judgment, order or decree . . . and may include support for a child who is between the ages of 18 and 22 years who is . . . in good faith, a full-time student in a college, university, or area school . . ."). Plaintiff requests a paternity test so that he can succeed on his child support claim. While a tort claim that tangentially involves a paternity test (such as in *Westover*) *might* be outside the realm of the

domestic relations exception, a contest between a plaintiff and his alleged father over child support seems to be at the very core of the sorts of disputes that federal courts are instructed to avoid under the exception. *See Friedlander v. Friedlander,* 149 F.3d 739, 740 (7th Cir. 1998) (holding that the "core" of the domestic relations exception "is occupied by cases in which the plaintiff is seeking in federal district court under the diversity jurisdiction one or more of the distinctive forms of relief associated with the domestic relations jurisdiction: the granting of a divorce or an annulment, an award of child custody, a decree of alimony or *child support*.") (emphasis added). Thus, the Court finds that the domestic relations exception applies and divests this Court of diversity jurisdiction over Plaintiff's claim.

Accordingly, it is hereby

**ORDERED** that this case is dismissed without prejudice for lack of diversity jurisdiction.

ENTERED this 14th day of April, 2011.　　　　_____/s/_____
　　　　　　　　　　　　　　　　　　　　　　　RAYMOND L. FINCH
　　　　　　　　　　　　　　　　　　　　　　　SENIOR U.S. DISTRICT JUDGE